7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beulah M. THOMAS, Plaintiff-Appellant,
v.
AMERICAN CYANAMID COMPANY, Defendant-Appellee.
 No. 91-5326.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Tennessee, No. 87-00013; Murrian (M).
 E.D.Tenn.
 AFFIRMED.
 Before: KEITH and KENNEDY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant, Beulah M. Thomas, appeals the directed verdict and summary judgment for the Defendant-Appellee, American Cynamid Company, in this products liability action. This suit was commenced on January 7, 1987, in the United States District Court for the Eastern District of Tennessee. The Plaintiff sought damages for both temporary and permanent injuries caused by the Defendant's allegedly negligent distribution of a vaccine known as DTP or Tri-Immunol. By consent of the parties, the case was decided by Magistrate Robert P. Murrian.
 
 
 2
 The first trial in this case began on August 7, 1990. The court bifurcated the trial and limited the first stage to the question of factual causation. The court determined that the question of causation should be tried as two separate issues: (1) whether the vaccine administered to the Plaintiff caused temporary injuries, and (2) whether the vaccine permanently aggravated the Plaintiff's pre-existing brain abnormality. On August 20, 1990, the first trial ended in a mistrial, as a result of a hung jury on both of the causation questions.
 
 
 3
 On September 20, 1990, the district court informed the Defendant that it would consider a motion for partial summary judgment on the Plaintiff's claim alleging temporary injuries. On November 20, 1990, the district court granted the Defendant's motion for partial summary judgment on the Plaintiff's claim alleging temporary injuries caused by the vaccine.
 
 
 4
 A second trial, limited to the Plaintiff's claim alleging permanent aggravation of her congenital brain abnormality began on December 6, 1990. The second trial ended at the close of the Plaintiff's proof when the court granted a directed verdict for the Defendant. This appeal followed.
 
 
 5
 On appeal, the Plaintiff argues that the court erred in granting the Defendant's motion for partial summary judgment on her claim that the vaccine caused temporary injuries. The Plaintiff also contends that the trial court erred in directing a verdict for the Defendant on her claim that her brain abnormality was permanently aggravated by the vaccine.
 
 
 6
 On July 9, 1993, this Court requested that both parties submit supplemental briefing on the effect of Daubert v. Merrell Dow Pharmaceuticals, Inc., 61 U.S.L.W. 4805 (U.S. June 28, 1993), on the instant case. In Daubert, the Court held that the Federal Rules of Evidence, rather than the "general acceptance test" of Frye v. United States, 293 F. 1013 (D.C.Cir.1923), governs the admissibility of scientific evidence in federal courts. 61 U.S.L.W. at 4808.
 
 
 7
 In the instant case, the trial court rejected as insufficient the speculative medical evidence offered by the Plaintiff to establish factual causation of the Plaintiff's alleged injuries. The trial court's ruling on the sufficiency of the Plaintiff's expert evidence is not inconsistent with Daubert, which focuses on the admissibility of expert evidence. See Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349 (6th Cir.), cert. denied, 113 S.Ct. 84 (1992) (cited with approval in Daubert v. Merrell Dow Pharmaceuticals, Inc., 61 U.S.L.W. at 4809-10).
 
 
 8
 Having carefully considered the record and issues presented in the briefs and at oral argument, we find no error warranting reversal. Therefore, we AFFIRM the decisions of the Honorable Robert P. Murrian, United States Magistrate Judge for the Eastern District of Tennessee, for the reasons stated in his November 20, 1990, Memorandum Opinion and Orders, and his Memorandum Opinion of January 9, 1991.